CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 7 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BEAUMONT GEREAU-BEY, # 295933,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 7:05cv00605<br>) |
| WALLENS RIDGE STATE PRISON, et al.,<br>    Defendants. | )<br>)   By: Hon. Michael F. Urbanski<br>)   United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Beaumont Gereau-Bey, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that while incarcerated at Wallens Ridge State Prison ("WRSP") defendants failed to protect him from an assault by another prisoner in violation of the Eighth Amendment. This matter is now before the court on defendants' motion to dismiss for failure to exhaust all available administrative remedies. Upon review of the record the undersigned finds that Gereau-Bey failed to exhaust his administrative remedies before filing this action and, thus, recommends that defendants' motion to dismiss be granted and that Gereau-Bey's complaint be dismissed pursuant to 42 U.S.C. § 1997e(a).

### I.

Gereau-Bey alleges that correctional officers knew that he and his cell mate were having difficulty getting along. As a result of this "continuing problem," he and his cell mate had a physical confrontation on September 28, 2004, and plaintiff was severely injured. However, plaintiff admits that he was charged and convicted of violating prison policy for his active participation in the fisticuffs which caused his injuries.

Defendants contend that Gereau-Bey failed to exhaust his administrative remedies following the alleged assault and, accordingly, assert his complaint must be dismissed pursuant to 42 U.S.C. § 1997e(a). In support of their motion, defendants submitted the affidavit of Brenda Ravizee, Grievance Coordinator at the WRSP. Ravizee avers that the WRSP has in place an Inmate Grievance Procedure that prisoners can utilize to complain about matters involving incidents arising during their period of incarceration. The grievance procedure provides that an inmate must file his grievance within 30 calendar days from the date of the occurrence or incident. Further, the inmate must demonstrate that he has made a good faith effort to informally resolve his complaint by submitting an informal complaint. Ravizee avers that Gereau-Bey did not file any grievances regarding his complaint with his cell mate, his desire to be relocated to another cell, nor about the defendants alleged failure to protect him from that assault.

In response to the defendants' motion, Gereau-Bey asserts that he exhausted all administrative remedies which were available to him prior to filing this complaint. Specifically, he alleges that on September 20, 2004, he submitted a written request to be moved to another cell.[1] However, that request states only that plaintiff noticed a vacant cell and would like to be moved to that cell because he had been housed in the same cell with the same cell mate for 18 months. The requests does not mention a disagreement between plaintiff and his cell mate nor does it allege that plaintiff's cell mate threatened him with physical violence. Plaintiff avers that he was unable to follow-up on this request to be moved before the assault occurred on September 29, 2004 and his subsequent transfer to the Powhattan Correctional Center ("PCC"). However, he has submitted evidence to the court demonstrating he filed an informal grievance and a formal grievance related to this matter at the PCC. The informal grievance, filed October 28, 2004,

---

[1]Exhibit 9 to plaintiff's response to defendants' motion to dismiss.

stated that he had been improperly charged and convicted for fighting as a result of the September 29, 2004 incident at WRSP.[2] However, Gereau-Bey made no mention of his request for a cell transfer prior to the assault or as to the officer's alleged failure to protect him from his cell mate. In response to his grievance, Gereau-Bey was advised that he may appeal his conviction pursuant to Division Operating Procedure 866 ("DOP 866"). Gereau-Bey then filed a formal grievance, making the same allegation as to the improper charge and conviction, and again making no mention of the defendants' alleged failure to protect, on November 15, 2004.[3] That grievance was returned to Gereau-Bey on November 16, 2004, because it involved an incident which occurred at another institution, and all grievances must be filed at the institution where the incident complained of occurred. Gereau-Bey filed no other grievances related to this incident.[4]

## II.

In deciding a motion to dismiss the court must construe all facts in the light most favorable to the plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Then, the motion to dismiss should be granted only if it is clear that as a matter of law no relief could be granted under any set of facts. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies prior to filing a civil action pursuant to § 1983. 42 U.S.C. § 1997e(a)

---

[2] Exhibit 10 to plaintiff's response to defendants' motion to dismiss.

[3] Exhibit 10 to plaintiff's response to defendants' motion to dismiss.

[4] The court notes that also in support of his response, Gereau-Bey submitted multiple affidavits from other inmates. However, as those affidavits do not address Gereau-Bey's attempts to utilize available administrative remedies prior to filing this action, the court finds that they are not relevant to the disposition of the defendants' motion to dismiss.

3

(2000).[5] Moreover, prisoners must not just initiate grievances but must also appeal any denial of relief through all levels of the administrative review which are available. See Booth v. Churner, 532 U.S. 731 (2001). The exhaustion requirement is not satisfied if the inmate simply raises the claims verbally or informal via requests for service or letters, but does not pursue his claims through all levels of review in the institutional grievance procedure. See McCoy v. Gilbert, 270 F.3d 503, 507-08 (7th Cir. 2001); Jackson v. District of Columbia, 254 F.3d 262, 269-70 (D.C.Cir. 2001); Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999). Furthermore, the United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, Booth, 532 U.S. at 740.

Gereau-Bey alleges that he exhausted his available administrative remedies before filing this complaint as he made a verbal and written request for a cell change prior to the assault and following the assault he filed an informal grievance and a formal grievance related to the disciplinary charge he received as a result of his participation in the alleged assault at PCC. Gereau-Bey further alleges that he could not file a grievance at WRSP related to this incident because during the time allowed for making such filings he had been transferred to the PCC. Although defendants do not address Gereau-Bey's grievances filed at the PCC, they aver that

---

[5] By the plain language of the statute, exhaustion of administrative remedies is a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).

4

Gereau-Bey did not file any grievances related to any of the issues he now complains of at WRSP.

Gereau-Bey never grieved the issues of which he now complains, accordingly he has failed to meet the exhaustion requirement. Gereau-Bey's request for service at WRSP stated only that he had noticed a vacant cell and would like to be transferred to that cell. His request made no mention of a disagreement between himself and his cell mate nor did it indicate that he felt he was at risk of harm if he was not moved to another cell. Following the assault, Gereau-Bey's informal and formal grievances complained only of his improper conviction for fighting. Gereau-Bey did not grieve the assault itself nor did he complain that correctional officers failed to protect him from his cell mate. Accordingly, the undersigned finds that Gereau-Bey has failed to exhaust his claim that correctional officers failed to protect him from the assault. See McGee v. Federal Bureau of Prisons,et al., 118 Fed.Appx. 471, 476 (10th Cir. 2004)(holding that an inmate's complaint about his improper classification was insufficient to alert prison officials about a potential Eighth Amendment failure to protect claim related to an assault perpetrated by another inmate after that complaint was filed).

Moreover, even assuming that Gereau-Bey began the exhaustion requirement, he did not complete it. Although Gereau-Bey alleges that he was unable to pursue his grievances related to this matter because he was transferred to PCC following the assault, merely being transferred to another facility does not excuse the exhaustion requirement. See Turrietta v. Barreras, 91 Fed.Appx. 640, 642 (10th Cir. 2004)(finding that being moved from jail to jail and being kept in solitary confinement until the time for filing a grievance had passed did not demonstrate that he had been prevented from filing a grievance and, thus, did not excuse the PLRA exhaustion requirement); Medina-Claudio v. Rodriguex-Maeteo, 292 F.3d 31, 35 (1st Cir. 2002)(holding

5

that grievance procedures are not "unavailable" for PLRA purposes merely because an inmate is transferred to another facility); Flournoy v. Schomig, 152 Fed.Appx 535, 537 (7th Cir. 2005)(finding that a transfer of prisoner from one prison facility to another facility within the state did not render administrative remedies unavailable).

DOP 866 provides that an inmate must first make a good faith effort to informally resolve his complaint. If relief is not received, then the inmate may file a regular grievance but establish that he attempted to use the informal process first. Further, if the grievance does not meet the criteria for acceptance, it is returned to the inmate with an explanation of why the grievance was not accepted. The inmate may then resubmit the grievance or send the grievance to Regional Ombudsman within five (5) days. For grievances that are accepted, a response at Level I is made. If the inmate is dissatisfied with that response, he may appeal to Level II, and in some instances, an additional level of review is available.[6]

Gereau-Bey admits that at the time of the assault, he had not yet received a response to his request for a cell change, and thus did not file a formal complaint or grievance related to the matter. Further, he admits that following his transfer to PCC, his informal complaint regarding his conviction for fighting was returned to him and he was advised that he could pursue an appeal of his conviction pursuant to DOP 866. Then Gereau-Bey filed a formal grievance at PCC raising the same complaint regarding the WRSP conviction for fighting, but again it was returned to him, without being logged, as the grievance related to an incident and/or conviction at another institution and must therefore be filed at that institution. Gereau-Bey does not allege he filed any further grievances related to this matter at either WRSP or at PCC nor does he allege that he resubmitted his grievance at PCC or forwarded it to the Regional Ombudsman.

---

[6] See Virginia Department of Corrections, DOP 866-7.12-.15 and Ravizee Affidavit.

6

Accordingly, as Gereau-Bey did not pursue his complaints or grievances to the highest level of administrative review, the court finds that he failed to satisfy the requirements of § 1997e(a).

## III.

For the reason stated above, the court finds that the plaintiff failed to exhaust all administrative remedies before filing this civil action. Accordingly, it is recommended that the defendants' motion to dismiss be granted.

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Entered this ___ day of February, 2006.

Michael F. Urbanski
United States Magistrate Judge